[Civ. No. 15335.   First Dist., Div. Two.   Mar. 5, 1953.]

D. BUCHHOLZ, Appellant, v. BLANCHE DENISON, Respondent.

Lorne M. Stanley for Appellant.

John Shortridge for Respondent.

NOURSE, P. J.—Plaintiff sued Mrs. Denison and her son for the purchase price of a store owned by plaintiff's assignor. McGowan, the son, was without funds and plaintiff's attorney took him to see his mother to urge her to guarantee payment. A promissory note had been previously prepared by which mother and son jointly agreed to pay the purchase price. The son had already signed and when the attorney presented the note to the mother she refused to sign. Her name was thereupon stricken from the paper.

There is some slight controversy as to what then occurred. Plaintiff's evidence was that Mrs. Denison promised to back the purchase and to make good her son's delinquency if she could raise the funds. Contrary evidence was that the mother refused to sign the note and told her son and appellant's counsel that she did not have the funds for that purpose and could not guarantee payment in case of delinquency. There was some evidence that she told the parties that if she should be able to dispose of some of her properties she might then consent to help her son meet the obligation.

In this respect the trial court found: "It is not true that on or about January 20, 1950, or at any other time the defendant Blanche Denison agreed to pay to C. R. Beran, the plaintiff's assignor, the sum of $5,237.81 or any sum or ever agreed to pay any interest upon said or any sum to the said C. R. Beran, plaintiff's assignor."

There is ample evidence to support this finding and it is sufficient alone to sustain the judgment because if the respondent did not agree to answer for the debt or default of the purchaser (an agreement which must be in writing [Civ. Code, § 1624, subd. 2]), and was not the primary obligor, as all the evidence demonstrates, there is no legal liability on her part to meet her son's obligation. The suggestion that the son might have been the agent for respondent is not supported by any evidence.

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.